DECISION AND JUDGMENT ENTRY
{¶ 1} Charles R. Greer ("Appellant") appeals his conviction in the Adams County Court of Common Pleas for transporting scrap tires without a registration, in violation of R.C. 3734.84. He contends the State of Ohio ("Appellee") presented insufficient evidence to support his conviction. Because we find that a rational jury could have found the essential elements *Page 2 
of the crime proven beyond a reasonable doubt, we affirm the judgment of the trial court.
 I. Facts {¶ 2} In February 2003, the Appellant contacted the Ohio Environmental Protection Agency ("EPA") in order to inquire about the agency's registration requirements for transporting scrap tires. He spoke with Robert Large, EPA Supervisor of Scrap Tire Management, regarding his issue. Mr. Large discussed the registration requirements for transporting scrap tires with the Appellant, and sent the Appellant a letter and information packets including the registration requirements, as well as a list of exceptions to the registration rule. The Appellant reviewed that information, and, as the Scrap Tire Transporter Annual Registration Certificate Initial Application Form suggests, the Appellant also obtained a copy of Ohio AdmCode § 3745-27-54, the provision setting forth the registration requirements and exceptions for transporting scrap tires.
 {¶ 3} Upon reviewing the information from the EPA, as well as the Ohio Administrative Code, the Appellant determined he fell within the registration exception enumerated in Ohio Adm. Code 3745-27-54(A)(2)(b), which provides that "[a]ny person who transports any number of scrap tires for his own use in agriculture or in producing or processing aggregates" is *Page 3 
not required to register. Neither the Revised Code, nor the Ohio Administrative Code chapters governing scrap tire transport include a definition of scrap tire "aggregate."
 {¶ 4} In early 2005, the EPA ordered Darrin Baker, a resident of Adams County, to clear his property of several hundred scrap vehicles, several tons of scrap metal, and several thousand scrap tires. Mr. Baker made an arrangement with the Appellant, wherein the Appellant transported and delivered the scrap metal and cars to River Metals Recycling in Newport, Kentucky, and the Appellant received a percentage of the proceeds from River Metals Recycling, with the remainder of the proceeds going to Mr. Baker. In order to fulfill his part of the agreement, the Appellant brought heavy machinery, including a car crusher and tire baler, to Mr. Baker's property. The Appellant removed the tires from the scrapped vehicles, and along with the loose tires strewn on the property, crushed them into bales. The tires were no longer useable as car tires after they were crushed in the baler. The Appellant then transported the baled scrap tires to his own property in Indiana, where he planned to use the baled tires as lightweight fill and reinforcement block on his property. The Appellant worked on Mr. Baker's property from April 2005 through the end of June 2005, when he transported the tires to his own property. *Page 4 
 {¶ 5} In April 2005, Clint Shuff, an EPA investigator, visited Mr. Baker's property. Mr. Shuff informed the Appellant that he could not haul the tires away unless he was a registered transporter. The Appellant responded to Mr. Shuff, telling Mr. Shuff the tires belonged to him, and that he did not have the authority to tell the Appellant not to transport the tires. The Appellant testified that he was "relying on" the Ohio Administrative Code. Following their conversation, Mr. Shuff left Mr. Baker's property, and the Appellant did not see him again. The Appellant finished the job, and transported the tires at the end of June, 2005.
 {¶ 6} In February 2006, at the EPA's request, the Appellant met with investigators regarding the June 2005 transport of spare tires. During the meeting, the Appellant did not deny that he transported the tires from Mr. Baker's property to his own property in Indiana. He maintained that under Ohio AdmCode § 3745-27-54(A)(2)(b), he was not required to obtain a registration to move the tires from Mr. Baker's property to his own.
 {¶ 7} On December 15, 2006, an Adams County grand jury indicted the Appellant on one count of transporting scrap tires without registration, an unclassified felony under R.C. 3734.83(A). The case proceeded to a jury trial and Appellant moved for dismissal under Crim.R. 29 at the close of the same. The court overruled his motion, and the jury found him guilty. The *Page 5 
trial court sentenced the Appellant to community control, community service, and a fine. The Appellant now appeals his conviction, asserting the following assignment of error:
 II. Assignment of Error {¶ 8} 1. THE STATE PRESENTED INSUFFICIENT EVIDENCE TO SUPPORT MR. GREER'S CONVICTION OF TRANSPORTING SCRAP TIRES WITHOUT A REGISTRATION.
 III. Legal Analysis {¶ 9} In his sole assignment of error, the Appellant argues the Appellee presented insufficient evidence to convict him of transporting scrap tires without a registration, in violation of R.C. 3734.83. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing Jackson v.Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781. A claim of insufficient evidence raises a question of law, the resolution of which does not allow the *Page 6 
court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717. The sufficiency of the evidence standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.Jackson, supra, at 319.
 {¶ 10} The Appellant was convicted of violating R.C. 3734.83(A), which provides, in pertinent part,
 "Except as provided in division (D) of this section, no person shall transport scrap tires anywhere in this state unless the business or governmental entity that employs the person first registers with and obtains a registration certificate from the director of environmental protection."
The mens rea required to find a violation of the aforementioned statute is found in the penalty provision of R.C. 3734.99, which provides,
 "Whoever knowingly violates * * * division (A) of section 3734.83 * * * of the Revised Code is guilty of a felony and shall be fined at least ten thousand dollars, but not more than twenty-five thousand dollars, or imprisoned for at least two years, but not more than four years, or both. Each day of violation constitutes a separate offense."
Thus, the elements necessary to establish a conviction for a violation of R.C. 3734.83(A) include proving that a person (1) knowingly; (2) transported; (3) scrap tires; (4) anywhere in Ohio; and (5) did so without a registration certificate from the director of environmental protection. *Page 7 
 {¶ 11} Despite his contention that he fell under one of the exceptions to the registration requirement for transporters of scrap tires, as noted supra, EPA investigator Mr. Shuff specifically informed the Appellant during a visit to Mr. Baker's property that he could not haul the tires away from the property unless he was a registered transporter. The Appellant ignored Mr. Shuff s advice and transported the tires, which were used and discarded, and thus, scrap tires, on Ohio highways and byways, to his property in Indiana, without a registration certificate. In light of said interaction with Mr. Shuff, the Appellant meets the "knowingly" requirement set forth in R.C. 3734.99, and his actions thereafter meet the other four requirements set forth supra.
 {¶ 12} Because the Appellant's actions met each of the five elements required for a violation of R.C. 3734.83(A), we find the trial court's decision finding Appellant guilty of the same is supported by sufficient evidence. Accordingly, we affirm its judgment.
 JUDGMENT AFFIRMED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Kline, J.: Concur in Judgment and Opinion.
 *Page 1